**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTIE L. PRUITT,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY,<br><br>    Defendant. | NO. CV 11-8158-E<br><br><br><br>**MEMORANDUM OPINION** |

**PROCEEDINGS**

Plaintiff filed a Complaint on October 3, 2011, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on October 26, 2011.

Plaintiff filed a motion for summary judgment on May 1, 2012. Defendant filed a cross-motion for summary judgment on May 31, 2012. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed October 4, 2011.

///

**BACKGROUND**

Plaintiff, a former custodian, asserted disability since June 18, 2008, based primarily on alleged pain (Administrative Record ("A.R.") 26-35, 140-48). The Administrative Law Judge ("ALJ") reviewed the record and heard testimony from Plaintiff and from a vocational expert (A.R. 9-413). The ALJ found that Plaintiff has the severe impairments of an "ankle disorder and back disorder," but retains the residual functional capacity to perform light work with certain restrictions (A.R. 15). Relying on the vocation expert's testimony, the ALJ concluded that there exist significant numbers of jobs Plaintiff can perform (A.R. 18-19, 36-37). The Appeals Council apparently denied review.[1]

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v.

---

[1] The Complaint alleges that the Appeals Council denied review on August 3, 2011 (Complaint at 2). Defendant's Answer admits the truth of this allegation (Answer at 1).

2

1 Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

3   This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted); see Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007) (same). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[2] legal error.

Plaintiff argues that the ALJ erred in finding Plaintiff's subjective complaints not fully credible. For the reasons discussed below, this argument lacks merit.
///

---

[2]   The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). The discounting of a claimant's testimony regarding subjective complaints must be supported by specific, cogent findings. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see also Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) (reaffirming same); Varney v. Secretary of Health and Human Serv., 846 F.2d 581, 584 (9th Cir. 1988) (generally discussing specificity requirement); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[3] Contrary to Plaintiff's arguments, the ALJ stated sufficient reasons for deeming Plaintiff's testimony less than fully credible.

First, the ALJ stated that the objective medical evidence did not support Plaintiff's complaints of constant, intense and debilitating pain (A.R. 16-17). Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.

---

[3] In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner, 659 F.3d 1228, 1234 (9th Cir. 2011); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Carmickle v. Commissioner, 533 F.3d at 1160; Lingenfelter v. Astrue, 504 F.3d at 1036; Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

2001).

Second, the ALJ cited the nature of Plaintiff's medical treatment (A.R. 17-18). Plaintiff's treatment consists of taking the medications Motrin, Cyclobenzaprine (Flexeril)[4] and Methocarbamol (Robaxin)[5] (A.R. 28). Plaintiff seldom received follow-up care for her complaints of pain and did not undergo more aggressive treatment, such as narcotic or steroidal medication, during the period of her alleged disability[6] (A.R. 17-18, 374-97). The ALJ properly characterized Plaintiff's treatment as "conservative." See, e.g., Hernandez v. Astrue, 2008 WL 2705083, at *3 (C.D. Cal. 2008) (Motrin is conservative treatment); Thomas v. Astrue, 2011 WL 4529599, at *4 (C.D. Cal. Sept. 30, 2011) (Motrin is conservative treatment); Scott v. Perio, 2005 WL 711884, at *2 (W.D. N.Y. March 25, 2005) (Robaxin is conservative treatment); Muro v. Astrue, 2008 WL 5076448, at *5 (C.D. Cal. Nov. 28, 2008) (Flexeril is conservative treatment, as is physical therapy). A conservative course of treatment may discredit a claimant's allegations of disabling symptoms. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) (treatment of ailments with over-the-counter pain medication is "conservative treatment" sufficient to discount testimony); Meanel v.

---

[4] Flexeril (Cyclobenzaprine) is a muscle relaxant. Wilkinson v. Astrue, 2012 WL 1580993, at *5 n.27 (M.D. Pa. May 4, 2012).

[5] Robaxin (Methocarbamol) is a muscle relaxant. See James v. Murphy, 2012 WL 487040, at *7 n.6 (C.D. Cal. Jan. 24, 2012), adopted, 2012 WL 487036 (C.D. Cal. Feb. 15, 2012).

[6] Plaintiff claimed at the hearing that, although she had not undergone physical therapy, she was on a list for such therapy (A.R. 32-33).

Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (failure to request "any serious medical treatment for [claimant's] supposedly excruciating pain" was adequate reason to reject claimant's pain testimony); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment can suggest a lower level of both pain and functional limitation, justifying adverse credibility determination); see also Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (failure to seek medical treatment can justify an adverse credibility determination); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989) (same).

Third, the ALJ noted certain inconsistencies between Plaintiff's subjective complaints and the observations of medical examiners (A.R. 16) ("Treating notes in December 2008 show that the claimant has full range of motion in her extremities. (Exhibit C3F/6). According to the consultative exam, the claimant had normal gait and is able to squat, heel walk, and toe walk (Exhibit C4F). She does not require an assistive device to ambulate, is able to sit in a chair comfortably, and is able to rise from sitting and supine position with no difficulty"; see also A.R. 378, 397-400). Disparity between a claimant's representations and the observations of medical examiners properly impeach a claimant's credibility. See, e.g., Copeland v. Bowen, 861 F.2d 536, 541 (9th Cir. 1988).

Fourth, the ALJ also noted an incongruity between Plaintiff's testimony regarding allegedly constant, debilitating pain and the lack of "severe disuse muscle atrophy that would be compatible with her alleged inactivity and inability to function" (A.R. 17). A lack of

disuse muscle atrophy can be a "clear and convincing" reason for rejecting the credibility of a claimant who testifies to debilitating pain. See Osenbrock v. Apfel, 240 F.3d 1157, 1165-66 (9th Cir. 2001); see also Stiles v. Astrue, 256 Fed. App'x 994, 997-98 (9th Cir. 2007); Meanel v. Apfel, 172 F.3d at 1114.

Because the ALJ's credibility findings were sufficiently specific to allow this Court to conclude that the ALJ rejected Plaintiff's testimony on permissible grounds, Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004), the Court defers to the ALJ's credibility findings. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995). Deference to the ALJ's credibility findings requires affirmance of the administrative decision in the present case.

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.[7]

///

---

[7] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d at 888 (discussing the standards applicable to evaluating prejudice).

7

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 5, 2012.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE